UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NASIR FINNEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>RAYMON FULLER *et al.*,<br><br>    Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-12865-KMW-MJS<br><br>MEMORANDUM OPINION AND ORDER |

  **THIS MATTER** comes before the Court by way of *pro se* Plaintiff Nasir Finneman's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

  **THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he has a monthly income of $998.43 from disability, and public assistance, and has approximately $1000.00 in expenses per month. IFP Application ¶¶ 1, 8. Plaintiff asserts that he does not have other liquid assets, nor does he have a spouse to contribute income or share in expenses, nor does he have any dependents. *Id.* Plaintiff further avers that he is currently unemployed, and his only source of income is Social Security Income and Welfare food stamps. IFP Application ¶ 11.

  **WHEREAS**, the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [he] is unable to pay the costs of [his] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that because Plaintiff's monthly expenses exceed his income, Plaintiff has demonstrated that he cannot pay the costs of litigation, and thus the Court grants the IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court is to review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED** for failing to establish jurisdiction.

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim[1] or trigger the court's diversity jurisdiction[2]. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024).

---

[1] To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Gibson*, 2024 WL 658977 at *1 n.2. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[2] To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Gibson*, 2024 WL 658977 at *1.

The Plaintiff contends that jurisdiction is established pursuant to federal question jurisdiction, but his Complaint does not point to any violation of the Constitution or treaty of the United States, nor does it plead any violations of federal law. While the Court has an obligation to construe a *pro se* litigant's pleadings to less stringent standards than the formal pleadings drafted by lawyers, this does not "absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025). As such, the Plaintiff is required to sufficiently establish jurisdiction in his Complaint. However, even construing the facts alleged, nothing in the Complaint amounts to a cognizable federal claim such that the Court may properly exercise jurisdiction[3].

Therefore, **IT IS HEREBY** on this 31st day of October, 2025,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) is **GRANTED**; and further it is

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and further it is

**ORDERED** that the Complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**; and further it is

**ORDERED** that Plaintiff has thirty (30) days to amend his pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case; and further it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

---

[3] The Court notes that the Plaintiff does not assert that this Court has jurisdiction pursuant to diversity jurisdiction.